I'd ask our last case, 15-281, N. Ray Terrence LeRoy Wright. Mr. Ford. May it please the Court, Christopher Ford for Terrence Wright. Mr. Wright's habeas corpus petition arises under Section 2241 because Mr. Wright is not challenging his underlying conviction or sentence, but is rather challenging administrative decisions that have resulted in the lengthening of his term of incarceration. Can you give me a case or some authority that a State prisoner could use 2241 to attack the execution of the sentence as opposed to having to go to 2254? Well, Judge Floyd, certainly this Court's unpublished disposition, and I believe it's the Gray v. Lee case which I cite in my brief. Otherwise, I grant that outside of the Tenth Circuit, the weight of authority holds that such a prisoner must proceed under Section 2254. Well, if we were to allow him to proceed under 2241, wouldn't that just make 2254 irrelevant? No, it wouldn't, Judge Floyd. Certainly Wright's position is that State prisoners who are challenging their underlying convictions and the imposition of their sentences must proceed under Section 2254, just as a Federal inmate challenging his conviction or sentence must proceed on a motion to vacate under Section 2255. Wright's position, though, is that Section 2254 is uniquely designed and suited for claims such as or, excuse me, for underlying conviction and sentence claims as opposed to sentence execution claims. Throughout Section 2254, Congress refers to State court judgments and challenges to State court judgments as distinct from the type of claim that Mr. Wright seeks to bring today. And that's further emphasized by Cox v. McBride, the Seventh Circuit case, in which Judge Posner, interpreting identical language in Section 2244d1, held that the language, the status of the inmate, as in the status of being in custody pursuant to a State court judgment, is merely jurisdictional in nature and distinguished that status from the ultimate challenge that the inmate was seeking to bring, which, in Cox, was not a challenge to the underlying conviction, but rather was a sentence execution claim. Accordingly, the Seventh Circuit held that Section 2244d, which, again, uses identical language to Section 2254a, did not apply in that case. Well, let's assume that you lose on your 2241 argument. What facts have changed? What has occurred since your last colleague that could not have been raised at that time? Well, respectfully, Judge Floyd, I just at the outset challenged the assumption that I should lose under the 2241 argument. But taking that assumption as it is, certainly Mr. Wright has been denied parole, again, subsequent to his last 2254 filing. The State has not identified any Fourth Circuit precedent standing for the proposition that a subsequent parole denial cannot be the basis for a new Section 2254 challenge. To the contrary, the Supreme Court's decision in Magwood v. Patterson stands for the proposition that an error made a second time is still an error and is still cognizable. Now, Magwood was about a resentencing, not an additional parole denial. But the point remains valid, which is that a prisoner ought to have the ability to challenge a decision that has the effect of lengthening his term of incarceration, notwithstanding the existence of another decision that had the same effect previously. But I think to the extent there's any concern that the Court might have that Mr. Wright's petition might be second or successive, I think we've explained in the brief why that's something that the District Court should be permitted to sort out in the first instance. That's because under Panetti and several other decisions, to determine whether a petition is second or successive, courts look to pre-edpa jurisprudence and to try to determine whether or not the petition constitutes an abuse of the writ. Abuse of the writ is a very factually specific determination. And importantly, it shifts the burdens from the pre-filing authorization that exists under Section 2244. Under 2244, the inmate has the burden to make a prima facie case. But under pre-edpa jurisprudence, it's the State's pleading burden. And pleading is important because there have been no pleadings in this case as the cases before the Court. Once the State makes a prima facie case at the pleading stage in the District Court, Mr. Wright would then have the opportunity to demonstrate cause and prejudice why, for example, a previously right claim was not brought. In this case, there's simply no factual record because the case arises under Section 2244 motion, as opposed to an appeal from an underlying judgment. So we haven't had pleadings. We haven't had the opportunity for Mr. Wright to make his case in the District Court. And we don't know what that would look like. And I think that's why the Court should, to the extent there's any doubt about whether or not he could have raised these issues in a prior petition, the Court should permit the District Court to address those issues in the first instance and, therefore, deny Mr. Wright's Section 2244 motion as unnecessary. I think if there are no other questions on that, I would like to just briefly address the 2241 argument again, unless the Court just wants me to sit down. But the State's position essentially requires the Court to read language into Section 2254A that isn't present. And that is the language that, as 2254A is written, essentially all inmates in custody pursuant to the judgment of a State court must be bringing a constitutional or Federal law challenge to their State court convictions. 2254A does not say that all inmates who are in custody pursuant to the judgment of a State court must be pursuing habeas relief pursuant to Section 2254. To the contrary, the statutory structure strongly suggests that Section 2241 and Section 2254 provide independent avenues for habeas relief. We know that, for example, from Section 2244B, which is at issue here, which refers to an application for writ of habeas corpus under Section 2254, the implication being that there are applications for writs of habeas corpus that are not under Section 2254. Again, Congress throughout Section 2244 refers separately and alternatively to petitions for writs of habeas corpus generally, and then elsewhere refers more specifically to habeas corpus petitions under Section 2254. Because Section 2254 is geared very strongly towards challenges to underlying State court judgments, it makes sense that State prisoners challenging those judgments should proceed under Section 2254, and State prisoners who are not challenging those underlying judgments should be able to proceed as a Federal inmate would under Section 2241. And the last point I would simply make, Your Honors, is that even if you accept the State's proposition that permitting or that adopting rights position would create this sort of universe where State prisoners can simply choose the caption to put at the top of their briefs and therefore evade all of these AEDPA requirements, I think it's clear that Section 2241 imposes a number of similar requirements as Section 2254. For example, there is a certificate of appealability requirement that this Court has read into Section 2241 in a number of cases. There's a one-year limitations period. There's a common law exhaustion requirement. So I just don't think the parade of horribles that the State tries to trot out in support of its position is actually supported by the statutes. If there are no other questions, Your Honors, I would just ask the Court to, again, deny Mr. Wright's motion as unnecessary. Thank you. May it please the Court. Your Honors, this case is about much more than statutory labels. I know a lot of ink has been spilled in the briefs about 2241 versus 2254, and there is the suggestion today and also in the reply brief that there won't be this parade of horribles. I would suggest, Your Honor, there are five distinct consequences of applying 2241 and excising 2254 from these types of claims. The first is federalism, deference to State courts. We have no State court ruling here. The movement never attempted to get a State court ruling. The second, exhaustion and not permitting these sentence execution claims to come to Federal court naked. There needs to be an adequately developed State court record so that Federal courts have something to look at. Third, statute of limitations and ensure that sentence execution claims are timely raised. Fourth, the volume of habeas petitions in district court and concomitantly appeals, direct appeals, to this court. And the last thing is the very reason that we're here, is this Court's role as a gatekeeper over repeat filers, something that Congress specifically wanted to do in its 1996 AEDPA amendment. For the various reasons that are enumerated in the State's brief, 2241 and 2254 both apply to the petition. And there are several reasons for that. 2241A is essentially what codified the Great Writ. It allows courts, it authorizes courts to issue that writ. The statute also has several other factors that will apply to 2254 petitions, such as subsection B, subsection D. There are several things that 2241 still has some importance in. Most importantly, obviously, granting the authority for the writ. Now, 2254A reigns some of that back in. And the reason is, again, before we go too far down the rabbit hole, I just want to point out some of the historical structure of this. 2241 and 2255 came about in 1948. 2255 is not a habeas petition. It's a motion to vacate, and there is that savings clause in subsection E that says, okay, if 2255 petitions are not adequate, then you can go back to 2241. But otherwise, the point of 2255 was to allow federal inmates to expeditiously move to vacate their sentences without having 2241 eliminated altogether. And I think there's good reason for that, because otherwise that would be a suspension clause issue. Now, so for that first initial period, 1948, we've got state inmates and federal inmates. They can both proceed under 2241. Federal inmates are kind of reined in with 2255. Now, in that interim 10 years, a lot of states started coming up with their own post-conviction procedures. North Carolina was the second. Illinois was, I believe, the first. That was sort of spelled out in a law review article, and I apologize. It's not cited in the briefs, but I think it's just a matter of historical record. So what we've got is this kind of wash of filings by state inmates because they're not subject to 2255. And so what we get is in 1966, this new amendment. That's where 2254A comes in. In 2254A, the whole point of it was to rein in these filings. The Schneckloff case that was cited in the State Supplemental Authority describes the- Right. Why wasn't the Schlecknoff case cited in the state's opening brief? How is it that the state filed a 28-J letter a day and a half before the argument on a case from 1973 and the first case you've brought up in your argument now? Well, yeah, exactly, Your Honor. The point is the defendant or the movements brief was filed on the 5th. And so immediately it became clear that this was not really a new argument that we're trying to present. It's, okay, well, if there needs to be some sort of statutory authority- You mean his reply brief. His reply brief, exactly. So, yeah, you know, 28-J letters are, as a point of order, not typically- you don't get to use those to respond to reply briefs, especially when the case is 50 years old. And for that, Your Honor, if I kind of tread across 28-J, that was a mistake on my part. I really wanted to just put out there what the policy was for 2254-A. And I hope that was clear. If I did something wrong, I certainly put myself on the mercy of the court. To summarize, though, what we've got is just those first few years. We've got 2255 authorizes motions for federal prisoners, still allows them to get to 2241. 2241-A authorizes the writ. 2241-C limits it. And 2254-A further limits it to a class of persons. And Wright is in that class. He's been in that class for the last 20 years. Now, again, there's some discussion of this kind of circuit split, majority versus minority. To be clear, I don't think the move-in is even proceeding on the minority rule. I think throughout the briefing, what's been highlighted is a concurring opinion out of 11th Circuit. It's Judge Choflat, and if I'm mispronouncing that, I do apologize. But no court has adopted that concurring opinion. The 6th Circuit in Rittenbury described it as a dual-gate theory, and basically that these two statutes are independent avenues that a petitioner can proceed under, 2241 or 2254. Now, the problem is that nothing in 2254 says that it's limited to the nature of the claims. It's limited to the class of persons. And so if 2254 does not apply to this petitioner, I don't know that it would apply to any petitioner. And it does become a great irrelevancy, as cautioned by Medbury in the 11th Circuit. And I would also note, Your Honor, just going back to the kind of historical evolution of these, seven years after 2254A came out is when the Prysor case came out from the U.S. Supreme Court. Now, Prysor essentially dealt with are these types of claims, these sentence execution claims, properly brought as 1983 actions or as habeas actions. But repeatedly, throughout the opinion, it kept saying 2254 clearly provides a specific federal remedy. 2254B's exhaustion requirement has relevance. Such a prisoner is clearly covered by 2254B. And then in dissent, Justice Brennan listed the parade, to use the movement's phrasing, that 2254 restrictions, that would no longer apply. So I think there's good reason for the quote-unquote majority rule. It's nine circuits. I would submit that there's good reason for this court to follow it. To get to your question originally, Judge Floyd, if 2244 applies, if there is that gatekeeper provision for this particular petition, what could or couldn't have been raised earlier? Now, there's been several different petitions. I would first note that North Carolina Supreme Court, six years ago, in Jones v. Keller, said these types of claims can be brought in state court. And there's been three habeas petitions that Mr. Wright has filed since Jones came out. So there's been several opportunities to raise it. And each time we get a new parole denial, there's been some circuit case law that says that's not a Magwood judgment. Each time we get a new parole denial, we don't have a new judgment for purposes of either resetting the statute of limitations clock or creating a new basis for a 2254 petition. The question is the factual predicate, kind of not the what but the why. I pulled the letters from the parole board, and the first three, they gave two reasons, one about not appreciating the seriousness of the crime and that he might repeat. And then in the 15th letter, they add two things, but they're essentially saying the same thing as those two reasons that have been given throughout. Do you have any disagreement with that? I don't disagree, Your Honor. And I would note that originally I pointed out in my brief that there was two new reasons that hadn't been previously stated. I actually think it's only one. The very first reason, the one that talks about substantial risk of not conforming to reasonable parole conditions, all three others were addressed in prior parole denials. And there's nothing in the petition, no matter how liberally construed, that says that determination by the parole board is wrong. There's nothing in the petition that says, no, they're wrong when they say I won't conform to my parole conditions. I will. Their determination was not supported by evidence. So there's sort of a difference between liberally construing a petition and then essentially drafting a claim for the petitioner. And that's my concern here, is that what we've got, everything that he has raised, actually stated in his petition certainly could have been raised in an earlier petition. And I would submit that that was supported by the Third Circuit and Tenth Circuit cases that were cited in the brief. I don't believe, going to the other arguments that he's raised about retroactive application of state structured sentencing act, that came out before he was even sentenced. So there's nothing new here. What he wants is to know what all the criteria are for parole. And he wants to stop getting boilerplate letters. Well, those are procedural questions. And if they are procedural, they're 1983, but they're certainly not habeas. So what we've got is essentially claims that could have been raised earlier or purely noncognizable claims, such as kind of the throwaway claim in the petition about changing my name, changing my race. This is a successive petition. It doesn't meet the exemptions listed in 2244B. And so for that reason, I would submit that the court should deny the motion. If there are any other questions, respectfully entertain them. But I hope I've addressed them. Thank you, Your Honor. Mr. McKeel. I mean, I'm sorry, Mr. Fuller. Thank you, Your Honors. Just a few short points before you adjourn for the week. I'd like to first address the contention raised by the State that Mr. Wright's position finds no support outside of Judge Choflot's concurrence and Thomas'. Respectfully, I think Judge Choflot's opinion goes too far for many of the reasons identified by the State, which is that it would create two parallel tracks under which any State prisoner could choose to proceed. Under Wright's position, it's much more narrow. A State prisoner challenging his underlying sentence or conviction would have to proceed under Section 2254, and a State prisoner challenging an administrative decision, such as a parole violation or a good time credit calculation, would have to proceed under Section 2241. We know this is not a terrible outcome because this is identical in structure to that which exists under Section 2255 for Federal inmates. The second point that I would make, I think when the State talks about a new parole denial being identical or similar or, excuse me, dissimilar to a new judgment, I think the State identifies a central flaw in the majority approach, which is that it requires courts to conflate judgments with denials of parole. These are different things, and that's why when Section 2254 repeatedly refers to State court proceedings and not State administrative proceedings, a petitioner trying to challenge such an administrative proceeding would require the court to essentially rewrite Section 2254 to reflect that judgments, when Congress meant judgments, what they actually meant in certain cases was administrative orders and decisions. That's not what Congress said. Congress talked about State court judgments. The simpler course for this court to take, rather than trying to rewrite Section 2254 to apply to a class of inmates who are clearly outside its reach, would be to simply say that prisoners challenging judgments can proceed under 54, prisoners not challenging judgments can proceed under 41, again, as is the case for Federal inmates. The final point that I would make is simply to respond to the State's contention that there's nothing new under the sun, so to speak, in Mr. Wright's tendered habeas petition. And, again, I think that's a question for the merits. The sole issue, or excuse me, the two issues before this court are essentially whether or not, the only issue is whether or not to grant or deny Mr. Wright's Section 2244 motion. To reach the merits on whether or not it's second or successive, whether or not Mr. Wright could have brought these claims earlier, I think would require more searching of the record than is available in this case simply because of the highly circumscribed record. The State has no response to our arguments regarding the pleading burdens that would apply were this case to be heard in the district court. So for that reason, Your Honors, we respectfully request that you deny Mr. Wright's 2244 motion as unnecessary and instruct the district court to docket Mr. Wright's petition under whatever statute the court feels it arises under. Thank you. I notice, Mr. Ford, that you're court appointed, and we appreciate your service in this case, not only to your clients, but to the court. Thank you. If I may ask the clerk to adjourn the court, and we'll come back and recap. This Honorable Court stands adjourned, signing God Save the United States and this Honorable Court.
judges: Barbara Milano Keenan, Henry F. Floyd, Stephanie D. Thacker